FREDERICK CROSBY *vs.* WALTER BLANCHARD & others.

An objection that a judge is not impartial must be taken at the trial, if then known to the counsel who conducts the case; otherwise neither he nor his client can afterwards take advantage of it.

If on the trial of a case it appears that it has been tried before, the judge may properly inquire of one of the counsel how it happens to come back for another trial; and if, in reply to such question, the counsel states facts not inquired for, this will furnish no ground for a new trial, if it is admitted by the counsel of the losing party that the judge conducted the trial with fairness and impartiality.

CONTRACT. The defence was a discharge in insolvency; which the plaintiff contended was invalid.

After a verdict for the plaintiff in the superior court, the defendants moved for a new trial, upon the following facts, admitted by the parties to be true, and stated by *Putnam,* J., who presided at the trial:

" The trial of this case was commenced on Wednesday, May 7, 1862. One witness was examined for the plaintiff, and another partly examined, when the court was adjourned, the hearing having occupied about one hour and a half of that day At the time of the adjournment, I beckoned to Mr. Preston, counsel for the plaintiff, to come to the desk, and said to him, ' Mr. Preston, something has been said, during the hearing this afternoon, about a former trial of this case — how does the case happen to come back for another trial?' Mr. Preston replied, ' It was tried before Judge Lord, and the jury disagreed.' He then added, ' I found afterwards that at least one of the jurors who stood out had a discharge in his pocket.' I have endeavored to give the exact language, so far as I can do so. My object in making the inquiry was, that if the case had come back on exceptions, I might, during the evening, look over the papers. I think I stated this to Mr. Preston, but am not positive. The case was resumed at 9 o'clock on the 8th of May, and continued till 1 o'clock, when the evidence was closed, and the court made its usual adjournment till 2 o'clock, at which time the arguments were to be commenced. At the adjournment at 1 o'clock, Mr. Ellis, counsel for the defendants, came to

Crosby *v.* Blanchard & others.

the desk, and desired to know what Mr. Preston said to me about the case the evening before. I stated to him the conversation, as given above. He remarked that he had been thinking of moving to have the case taken from the jury. I then said to him that Mr. Preston had not volunteered the conversation; that what he said was in reply to my inquiry; that, if he had gone beyond what was necessary for such answer, it had not made the slightest impression on my mind; that Mr. Preston did not make the remark in any offensive way, but with a smile, and evidently not intending or expecting that it would influence me in any way. Mr. Ellis at once disclaimed any apprehension that it would influence me, though he said, if it had been before some of the judges of the court, he should not hesitate to make the motion. He said that he should not do it unless his clients forced him to do so, and, as I thought at the time, appeared to be satisfied with my explanations. When the court came in at 2 o'clock, Mr. Ellis said to me that he had concluded to do nothing further about the matter, and the arguments were commenced and concluded. A few days after this motion for a new trial was filed, I asked Mr. Ellis if I was to understand by this that he considered that there had been any unfairness or partiality in my charge, or in the management of the case. He said that there had not been, and that he had no fault to find with me in the matter, but that he thought Mr. Preston had done wrong."

The defendants insisted that, as a matter of law, they were entitled to a new trial on these facts; but their motion was overruled, and they alleged exceptions.

*C. M. Ellis,* for the defendants.

*G. H. Preston,* for the plaintiff, was not called upon.

BIGELOW, C. J. If there was any valid objection to the impartiality of the judge, by reason of the conversation between him and the counsel for the plaintiff, which would have rendered it irregular or improper for him to proceed with the trial, such objection was waived by the course pursued at the trial by the counsel for the defendants. He knew all the facts on which the motion for a new trial is founded before the case was argued,

and elected, notwithstanding such knowledge, to go on and finish the trial. Having thus taken his chance for obtaining a verdict, he cannot, now that he finds it is against his clients, avail himself of the facts previously within his knowledge to get rid of it. The same rule is applicable to the clients. They are bound by the knowledge and acts of their counsel, and they cannot, without a breach of good faith and a disregard of that frankness which ought to characterize all judicial proceedings, take their chance for a favorable verdict, reserving a right to impeach it or set it aside, if it happens to be against them, for a cause which was previously well known to their counsel. *Kent* v. *Charlestown*, 2 Gray, 281, and cases there cited.

But we do not dispose of these exceptions on this ground only. We feel bound to go further, and to add the expression of our opinion that there is no foundation whatever, in the facts reported, for any impeachment or doubt of the impartiality of the judge before whom the trial was had. His inquiry of the counsel for the plaintiff as to the cause of a second trial of the case was a perfectly legitimate one, and was prompted by a proper motive. Although a portion of the answer was irregular and not responsive to the inquiry, we cannot see that it had any necessary tendency to prejudice the mind of the judge, or render him less impartial than the ordinary "lot of humanity will permit." But even if it had such tendency, it affirmatively appears that it did not produce the effect, and that this was admitted by the counsel for the defendants.                 *Exceptions overruled.*